

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN    AUSTIN 11. TEXAS



ATTORNEY GENERAL.

Honorable Gilbert Smith
County Attorney
Jones County
Anson, Texas

Dear Sir:

Opinion No. 0-2154
Re: Must a motor vehicle owned
by a resident of Texas but
which is used exclusively
in New Mexico except that
the same makes an occasional
trip into this state be reg-
istered in Texas?

We are in receipt of your letter of March 30, 1940, in which
you request an opinion of this department on the question of whether
or not the motor vehicle in question must be registered in Texas. You
state as follows:

"Mr. A lives in Jones County, Texas, he owns and oper-
ates a farm and ranch in the State of New Mexico; he owns
and uses exclusively for farm and ranching purposes a truck;
this truck comes into Texas, some times coming after feed,
supplies and such as is used exclusively on the New Mexico
property, some time it comes into this State with a load of
Mr. A's cattle to the Fort Worth markets."

We assume from your letter that Mr. A is a resident of Texas
and this opinion will be based on such assumption.

Article 6675a-2 of Vernon's Annotated Civil Statutes reads
in part as follows:

"Every owner of a motor vehicle, trailer or semi-trailer
used or to be used upon the public highways of this State,
and each chauffeur, shall apply each year to the State High-
way Department through the County Tax Collector of the County
in which he resides for the registration of each such vehicle
owned or controlled by him, . . ."

Article 804 of the Penal Code reads as follows:

"Whoever operates upon any public highway a motor ve-
hicle which has not been registered as required by law shall
be fined not to exceed two hundred dollars."

The only question which arises in this case is whether or not the vehicle in question is excepted from the general registration laws by Article 827b of the Penal Code which deals with non-resident owners of motor vehicles. Under said Article 827b temporary registration certificates may be obtained for out of state vehicles by non-resident owners. Section 5 of said Article also reads in part as follows:

". . . And provided, further, that any non-resident owner of a privately owned motor vehicle may be permitted to make an occasional trip into this State with such vehicle under the privileges of this Act without obtaining such temporary registration certificate. . ."

Article 827b would have no application to the case at hand because said Article in Section 1 defines a non-resident as follows:

"'Non-resident' means every resident of a state or country other than the State of Texas whose sojourn in this State, or whose occupation, or place of abode, or business in this State, if any, covers a total period of not more than one hundred and twenty days in the calendar year."

The Legislature has defined a "non-resident" for purposes of the extension of non-resident motor registration privileges to be a person who is a resident of a state or county other than the State of Texas. Under the facts submitted, the owner of the vehicle in question is a resident of Jones County, Texas. It is the opinion of this department, therefore, that said Article would have no application to the vehicle in question and that the same would have to be registered in Texas under our general registration laws.

Yours very truly

APPROVED APR 11, 1940

/s/ W. F. Moore

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By  /s/ Billy Goldberg
         Billy Goldberg
         Assistant

BG:jm:lm

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN